762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BENNIE R. THOMPSON, PLAINTIFF-APPELLANT,
v.
THE FLINT JOURNAL NEWSPAPER, WERNER VETT; JOSEPH WAGAR,
DANIEL E. RICHARDS; LOU GIAMPETRONI; RAY STEPHEN;
AND ROBERT D. SWARTZ, DEFENDANTS-APPELLEES.
 NO. 83-1508
 United States Court of Appeals, Sixth Circuit.
 4/30/85
 
 Appeal from the United States District Court for the Eastern District of Michigan, Southern Division
 Before: KENNEDY and CONTIE, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Bennie R. Thompson, an inmate at the Federal Correctional Institute in Milan, Michigan, appeals the dismissal of his complaint by the District Court. The complaint alleged that the defendants, a newspaper and several of its reporters and editors, maliciously printed false, fraudulent and erroneous information that defamed Thompson in violation of his rights under the first, fourth, fifth, sixth, seventh, eighth, and fourteenth amendments under the Constitution. The complaint was attached to a form supplied by the District Court for use by prisoners in filing claims under 42 U.S.C. Sec. 1983. The defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim, and the District Court granted the motion.
 
 
 2
 Thompson has not stated a claim under 42 U.S.C. Sec. 1983. A claim under that section requires that the plaintiff allege violation of a federal right by some person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The complaint at issue here cannot be read so as to meet either requirement. The federal rights alleged to have been violated are those of various constitutional a endments, all of which prohibit only actions of the states. The actions complained of here were purely private actions. There is also no allegation that the defendants acted under color of state law.
 
 
 3
 No other federal claim appears to be raised by the complaint. Thompson complains that the defendants' purpose was to obstruct his ability to call character witnesses; this is not, however, sufficient to state a claim for intimidation of witnesses under 42 U.S.C. Sec. 1985(2).
 
 
 4
 The complaint, liberally construed, might also be read to allege a libel claim under state common law. In his brief on appeal, Thompson admits that 42 U.S.C. Sec. 1983 is not applicable to his claim, and presses his libel claim. However, a federal court may not assert jurisdiction over a state law tort claim among private litigants who are citizens of the same state. See 28 U.S.C. Sec. 1332. Here the complaint alleges that the plaintiff 'is a citizen of the state of Michigan' and that the defendants' place of business is in Flint, Michigan. There is therefore no federal court jurisdiction over Thompson's libel claim.
 
 
 5
 The District Court properly dismissed the complaint on the grounds that it did not state a federal claim and there was no basis for federal court jurisdiction over the state claim. Accordingly, the judgment of the District Court is affirmed.